EXHIBIT A



# Notice of Service of Process

null / ALL  
Transmittal Number: 15160754  
Date Processed: 05/17/2016

| | |
|---|---|
| **Primary Contact:** | Anne Milem<br>Navient Corporation<br>2001 Edmund Halley Drive<br>Reston, VA 20191 |
| **Copy of transmittal only provided to:** | Nicola Murphy |
| **Entity:** | Navient Corporation<br>Entity ID Number  3268736 |
| **Entity Served:** | Navient Corporation, a/k/a Navient Corp |
| **Title of Action:** | James Valletta vs. Navient Corporation aka Navient Corp |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | Maricopa County Superior Court, Arizona |
| **Case/Reference No:** | CV2016-003173 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 05/16/2016 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | James Valletta<br>602-264-7101 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**  
*CSC is SAS70 Type II certified for its Litigation Management System.*  
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

James Valletta – State Bar #017072
**WARNER ANGLE HALLAM**
  **JACKSON & FORMANEK PLC**
2555 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone: (602) 264-7101
Facsimile: (602) 234-0419
E-mail: jvalletta@warnerangle.com

*Attorneys for Plaintiff*

ORIGINAL

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JAMES VALLETTA, a married man,<br><br>    Plaintiff,<br><br>vs.<br><br>NAVIENT CORPORATION aka NAVIENT CORP., a Delaware corporation; and DOES I-X, as individuals or entities,<br><br>    Defendants. | Case No. CV2016-003173<br><br>**SUMMONS**<br><br>If you would like legal advice from a lawyer, contact the Lawyer Referral Service at<br>602-257-4434<br>or<br>www.maricopalawyers.org<br>Sponsored by the<br>Maricopa County Bar Association |

### STATE OF ARIZONA TO DEFENDANT:

**NAVIENT CORPORATION, a/k/a NAVIENT CORP.**
c/o Corporation Service Company, Its Statutory Agent
2711 Centerville Road, Suite 400
Wilmington, DE  19808

   **YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this court. If served within Arizona, you shall appear and defend within 20 days after the service of the summons and complaint upon you, exclusive of the day of service. If served out of the state of Arizona—whether by direct service, by registered or certified mail, or by publication—you shall appear and defend within 30 days

Date Served: 5/16/16

Time Served: 3:00

329582
DN

after the service of the summons and complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail out of the state of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the affidavit of compliance and return receipt or officer's return. Ariz. R. Civ. P. 4; Ariz. Rev. Stat. §§20-222, 28-502, 28-503.

**YOU ARE HEREBY NOTIFIED** that, in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the complaint.

**YOU ARE CAUTIONED** that, in order to appear and defend, you must file an answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any answer or response upon Plaintiff's attorney, whose name and address are set forth above. Ariz. R. Civ. P. 5 and 10(d); Ariz. Rev. Stat. §12-311.

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding. Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

SIGNED AND SEALED this date: __MAY 12 2016__

CLERK OF SUPERIOR COURT

By _____
Deputy Clerk

B. Lopez
Deputy Clerk

MICHAEL K. JEANES, CLERK

2

James Valletta – State Bar #017072
**WARNER ANGLE HALLAM
JACKSON & FORMANEK PLC**
2555 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone: (602) 264-7101
Facsimile: (602) 234-0419
E-mail: jvalletta@warnerangle.com

*Attorneys for Plaintiff*

COPY
MAY 1 2 2016
MICHAEL K. JEANES, CLERK
B. LOPEZ
DEPUTY CLERK

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JAMES VALLETTA, a married man,<br><br>Plaintiff,<br><br>vs.<br><br>NAVIENT CORPORATION aka NAVIENT CORP., a Delaware corporation; and DOES I-X, as individuals or entities,<br><br>Defendants. | Case No. CV2016-003173<br><br>**COMPLAINT**-(Declaratory Relief; Violation of 15 U.S.C. §1692 et seq.)<br><br>(Demand for Jury Trial) |

Plaintiff, JAMES VALLETTA ("**Valletta**" or "**Plaintiff**"), as and for his Complaint against Defendants, and each of them, allege as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Mr. Valletta is a married man, and resident of Maricopa County, Arizona.

2. Upon information and belief, Navient Corp. ("**Navient**"), was at all times relevant hereto a Delaware corporation, and was authorized to do business in the state of Arizona.

3. Defendants, DOES I-X, as individuals or entities ("**Does**"), and the unknown heirs and devisees of any of the Does, as natural persons, who may be deceased, with a

328398

singular or plural, or fictitious names designating an individual or individuals, masculine or feminine, or legal entities, whose present identities are unknown to Valletta, Valletta will request leave of the Court to insert the true identity of any such Defendants when discovered as if correctly named originally and who are liable for all or part of Valletta's claim herein.

4. Defendants have caused or allowed acts or events to occur in Maricopa County, Arizona out of which this action arises.

5. This Court has jurisdiction over this matter, and venue is proper.

## GENERAL ALLEGATIONS

6. This action arises from the continued harassment and negative credit history placed against Valletta credit report by Defendants.

7. Defendants continue to call, write and otherwise harass Valletta for the payment of a purported student loan which Valletta contends was paid in full on or about March 2008.

8. Despite Valletta's repeated requests both verbally and in writing, Defendants have failed and refused to provide any documents requested by Valletta indicating that Defendants are owed any funds from Valletta.

9. Valletta paid his student loan in full with two lump sum payments of approximately $4,775.00 and $50,000.00 on or about November, 2007 and March, 2008, respectively, following numerous discussions with representatives from his lender at the time, Sallie Mae.

10. Valletta received verbal and written communication from representatives of Sallie Mae confirming the payment in full and satisfaction of the student loan.

11. From on or about April, 2008 until approximately November, 2015, Valletta received no communication, either verbal or written from Sallie Mae or Defendant with respect to any purported debt owed to Defendants.

12. In or around November, 2015, Valletta began receiving written documentation from Defendant claiming to be owed approximately $7,200.00.

2

13. Valletta initially ignored this communication thinking it must be a mistake.

14. Eventually, Defendants began calling, writing and generally harassing Valletta both at home and at his work, demanding payment of this purported debt.

15. Valletta explained on numerous occasions that he had paid this loan in full in 2008 and requested various times for any written documentation of the debt.

16. Defendants only produced a letter stating the amounts owed and nothing signed by Valletta creating any such debt owed to Defendants.

17. Valletta continued to request verbally, and in writing, signed documents evidencing the purported debt and Defendants have failed and refused to provide such documents.

18. As a result of the continued harassment and improper reporting of this purported debt to various credit bureaus by Defendants, Valletta's credit report has suffered and he has paid higher interest rates on loans and been refused credit.

## COUNT I
### (Declaratory Action)

19. Plaintiff realleges the foregoing paragraphs as if fully set forth herein.

20. Pursuant to A.R.S. §12-1832, "Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status, or other legal relations are affected by statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

21. Plaintiff, as the purported debtor under a purported written debt instrument, is an interested person who, pursuant to A.R.S. §12-1832, is entitled to a judicial determination as to the continuing rights and obligations of Plaintiff and Defendants, respectfully, pursuant to the purported debt, including, without limitation the validity and amount of the purported debt instrument claimed by Defendants.

3

22. An actual and justiciable controversy exists between Plaintiff and Defendants, which controversy can be properly determined by this Court.

23. As a direct and proximate result of the wrongful conduct by Defendants, Plaintiff sustained actual and compensatory damages.

### Count II

**(Violation of the Fair Debt Collection Practices Act 15 U.S.C. §1692)**

24. Plaintiff realleges the foregoing paragraphs as if fully set forth herein.

25. Upon information and belief, Defendants are Debt Collector as defined in 15 U.S.C. §1692.

26. Defendants' acts and omissions detailed above are a violation of 15 U.S.C. §1692, et seq.

WHEREFORE, Plaintiff requests the following:

A. Declaring and setting forth the legal rights of Plaintiff and Defendants, respectively, concerning the purported debt claimed by Defendants, including, without limitation the Court's determination that: (i) Plaintiff is not indebted to Defendants or any other party for whom defendants purport to be collecting the purported debt on behalf of; and (ii) Plaintiff is entitled to immediate removal by Defendants of all negative credit history improperly reported by Defendants.

B. Judgment against Defendants for general damages, including, but not limited to any damages related to Plaintiff's loss of time, damages related to the harassing and abusive conduct of Defendants and damages for Plaintiff's loss of quality of life and emotional and physical distress;

C. Judgment against Defendants for such additional damages arising out of Defendants willful, intentional and wanton actions in clear violation of 15 U.S.C. §1692, et seq.

D. Judgment against Defendants in amount of not less than $1,000 per violation for each violation of 15 U.S.C. §1692, et seq.

E. Judgment against Defendants for Plaintiff's reasonable attorneys' fees and costs incurred herein pursuant to 15 U.S.C. §1692k(a)(3); and

F. For such other and further relief as the Court deems just and proper.

Dated this 12TH day of May, 2016.

WARNER ANGLE HALLAM JACKSON
& FORMANEK PLC

By: _____
James Valletta
2555 East Camelback Road, Suite 800
Phoenix, Arizona 85016
*Attorneys for Plaintiff*

5

James Valletta – State Bar #017072
**WARNER ANGLE HALLAM**
**JACKSON & FORMANEK PLC**
2555 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone: (602) 264-7101
Facsimile: (602) 234-0419
E-mail: jvalletta@warnerangle.com
*Attorneys for Plaintiff*





MAY 1 2 2016



MICHAEL K. JEANES, CLERK
B. LOPEZ
DEPUTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JAMES VALLETTA, a married man,<br><br>Plaintiff,<br><br>vs.<br><br>NAVIENT CORPORATION aka NAVIENT CORP., a Delaware corporation; and DOES I-X, as individuals or entities,<br><br>Defendants. | Case No. CV2016-003173<br><br>**CERTIFICATE REGARDING COMPULSORY ARBITRATION** |

Pursuant to Rules 72 – 76, Ariz. R. Civ., P., the undersigned certifies that they are aware of the jurisdictional limits set by local rules for compulsory arbitration and certifies that this matter **IS NOT** subject to the Uniform Rules of Procedure for Arbitration.

DATED this 12th day of May 2016.

WARNER ANGLE HALLAM JACKSON
& FORMANEK PLC

By _____
James Valletta
2555 East Camelback Road, Suite 800
Phoenix, Arizona 85016
*Attorneys for Plaintiff*

329583