Damian P. Richard, Esq. (SBN 028477)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:   619/296-2013
drichard@sessions.legal

Attorneys for Navient Solutions, LLC
(formerly known as Navient Solutions, Inc.
and erroneously sued as Navient Corporation)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAMES VALLETTA, a married man,<br><br>Plaintiff,<br><br>vs.<br><br>NAVIENT CORPORATION, a Delaware Corporation also known as Navient Corp.,<br><br>Defendant. | Case No.  CV16-1934 PHX DGC<br><br>REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT |

Defendant Navient Solutions, LLC (formerly known as Navient Solutions, Inc. and erroneously sued as Navient Corporation, hereinafter "NSL") offers this reply memorandum in response to the opposition memorandum filed by plaintiff James Valletta and in further support of its motion for partial summary judgement.

NSL seeks dismissal of all claims brought under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*.  As an initial matter, NSL argued that the complaint failed to sufficiently articulate an FDCPA claim under the prevailing case law.  In his response memorandum, plaintiff specifies his claim in manner that if included in the complaint, would sufficiently state an FDCPA claim.

*See* Doc. 28.2, p. 5.  However, insisting plaintiff amend the complaint to conform with the assertions in his memorandum would be a futile exercise because NSL is not a "debt collector" subject to the FDCPA.

The single factual issue before the Court is whether NSL was the servicer of plaintiff's loan prior to default.  If so, NSL's collection activities are not subject to the FDCPA as a matter of law.  The FDCPA expressly excludes from coverage "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity concerns a debt ***that was not in default at the time it was obtained*** by such person."  15 U.S.C. § 1692a(6)(F)(iii) (emphasis added).

The subject loan was disbursed on March 20, 1997 and did not default until November 18, 2016.  *See* Doc. 27.2 (Cashner Declaration), ¶¶ 7, 8.  NSL serviced the loan from disbursement to default.  *Id.*, ¶ 9.  NSL has credibly negated an essential element of plaintiff's FDCPA claim.  As such, the burden shifts to plaintiff to set forth facts showing that a genuine dispute remains.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Plaintiff cannot oppose a properly supported summary judgment motion by simply resting on mere allegations, but must set forth specific facts showing that there is a genuine issue for trial.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, (1986).  Conclusory allegations, unsupported by factual material, are insufficient to defeat summary judgment.  *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989).  Speculation, conjecture, or supposition is insufficient to raise a genuine issue of material fact.  *McSherry v. City of Long Beach,* 584 F.3d 1129, 1136, 1138 (9th Cir.2009).

Plaintiff's argument in opposition can best be summarized as "NSL violated the FDCPA and therefore must be an FDCPA debt collector."  Plaintiff offers no evidence refuting that the subject loan did not default until November 18, 2016 and that NSL serviced the loan from disbursement to default.  Indeed, the exhibits

offered by plaintiff, although filed in violation of the protective order and/or Fed. R. Evid. 408, support NSL's factual assertions. In particular, Doc. 28-7 reflects the name of the post-default creditor, United Student Aid Funds, Inc. – the guarantor that was required to purchase the loan after default as described in the Cashner declaration. Plaintiff's feigned confusions and allegations regarding lack of cooperation and withholding of documents, while wholly untrue, are without moment to the threshold issue before the Court – NSL obtained the subject loan prior to default. There is not even a suggestion, much less evidence to the contrary.

Per the plain language in § 1692a(6)(F)(iii), NSL is excluded from the definition of "debt collector," and accordingly, as a matter of law, Plaintiff cannot state an FDCPA claim against NSL. *See Edler v. Student Loan Mktg. Ass'n,* 92-CV-1619, 1993 WL 625570, *1 (D. D.C. Dec. 13, 1993) ("Because Elder's loans were not in default when EduServ began to service them . . . the FDCA is inapplicable to EduServ as a matter of law."); *Edmond v. Am. Educ. Servs.,* 2010 WL 4269129, *1 (D. D.C. Oct. 28, 2010) (student loan servicer which serviced student loan prior to default was not a debt collector and not subject to the FDCPA).

Dated: March 9, 2017

                                        Respectfully submitted,

                                        SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

                                        */s/Damian P. Richard*
                                        Damian P. Richard
                                        Attorney for Defendant
                                        Navient Solutions, LLC
                                        (formerly known as Navient Solutions, Inc.
                                        and erroneously sued as Navient Corporation)