**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Valletta,<br><br>    Plaintiff,<br><br>v.<br><br>Navient Corporation,<br><br>    Defendant. | No. CV-16-01934-PHX-DGC<br><br>**ORDER** |

Plaintiff James Valletta filed a complaint against Defendant Navient Corporation seeking declaratory and monetary relief.[1] Doc. 1-1 at 5-9. Navient has filed a motion for partial summary judgment. Doc. 27. The motion is fully briefed (Docs. 27, 28, 30), and neither party has requested oral argument. For the reasons set forth below, the Court will grant Navient's motion.

**I.     Background.**

Valletta alleges that, beginning in November 2015, Navient continually harassed him for payment of a student loan that was paid in full in March 2008. Doc. 1-1 at 6. Valletta alleges that Navient improperly reported this debt to credit bureaus, resulting in a negative credit history. *Id.* Valletta seeks declaratory relief that his debt has been paid in full. He also seeks damages for the alleged harassment and improper reporting under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq. Id.* at 7-9.

---

[1] Valletta filed his claim against "Navient Corporation," but Navient asserts that its proper name is Navient Solutions, Inc. Doc. 27 at 1.

Valletta does not specify in his complaint which provisions of the FDCPA have been violated.

Navient seeks summary judgment on the FDCPA claims. It argues that the FDCPA applies only to "debt collectors," and Navient is not a "debt collector." Doc. 17-1 at 3-5.

**II. Legal Standard.**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is also appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-moving plaintiff may not rely merely on his pleadings, but "must present affirmative evidence in order to defeat a properly supported motion for summary judgment. This is true even where the evidence is likely to be within the possession of the defendant, as long as the plaintiff has had a full opportunity to conduct discovery." *Id.* at 257.

**III. Analysis.**

"The threshold question is whether Defendant qualifies as a 'debt collector' under the FDCPA." *Haysbert v. Navient Sols., Inc.*, No., CV 15-4144 PSG (EX), 2016 WL 890297, at *11 (C.D. Cal. Mar. 8, 2016); *see also Spyer v. Navient Sols., Inc.*, No. 15-3814 (NLH/JS), 2016 WL 1046789, at *3 (D.N.J. Mar. 15, 2016). The FDCPA excludes from the definition of "debt collector" any person "collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person."

15 U.S.C. § 1692a(6)(F)(iii). As specifically applied in this context, "student loan servicers that begin servicing prior to default are not debt collectors under the FDCPA." *Haysbert.*, 2016 WL 890297, at *11.

Navient contends that it is not a debt collector because it "serviced the [relevant] Loan from inception until default. The Loan did not default until November 18, 2016, at which point it was purchased by the Loan guarantee agency United Student Aid Funds, Inc. Per the Complaint, the operative period giving rise to the FDCPA violations commenced in November 2015." Doc. 27-1 at 5. As a result, Navient contends, "[t]here is no dispute that [Navient] was servicing the Loan prior to November 2015 and the Loan was not in default until well after the Complaint was filed." *Id.*

Valletta's response focuses primarily on his contention that the loan was paid in full in 2008 and on the allegedly harassing conduct. Valletta asserts that he "knows neither who the servicer of the loan is or was at the time of the harassing conduct, nor who the owner of the loan is or was at the time. Further, the loan was not in default at any time past or present other than by Navient or the then current owner of the loan, therefore Navient's arguments on this point are both inapplicable and nonsensical." Doc. 28-1 at 6. But Valetta's professed lack of knowledge concerning the identity of the debt servicer and his imprecise statement about when the loan may or may not have been in default do not address the key question raised by Navient's motion – whether Navient obtained and serviced the loan prior to default.

The documents attached to the motion show that Navient, formerly known as Sallie Mae, was the servicer of the loan from the date it was first disbursed in 1997 to the date it defaulted in November 2016. Doc. 27-2, ¶ 9 (sworn declaration from Jeff Cashner stating that Navient "serviced the Loan for the entire period of the Loan, from the date it was first disbursed on March 20, 1997, until it defaulted on November 28, 2016"); Doc. 27-3 (Application/Promissory Note for student loans between Valletta and Sallie Mae, dated June 1996); Doc. 27-4 (letter from Navient to Valletta dated June 13, 2016, requesting payment of the balance of his loan within 30 days to *prevent* default); Doc. 27-

5 at 1-5 (five letters from Sallie Mae to Valletta dated between 2009 and 2013 and discussing Valletta's student loan and related billing statements); *Id.* at 6 (Valletta's student loan account summary from Sallie Mae dated March 17, 2014).

Valletta does not challenge the authenticity of these documents. Nor does he provide any evidence that Navient was not the servicer of the disputed loan prior to default. He simply contends that he does not know when, or even if, Navient obtained the loan. But Valletta's own sworn declaration states: "I paid my student loan in full with two lump sum payments of $4,775.45 and $50,000.00 on or about November, 2007 and March, 2008, respectively, following numerous discussions with representatives from the lender at the time, Sallie Mae." Doc. 28-2 at 1. These assertions admit that Sallie Mae (now Navient) was the lender, but do not address the basis for Navient's motion: that it was the servicer when the loan was not in default.

The Court established a sufficient period for discovery in this case, and invited the parties to contact it immediately if discovery disputes arose. Doc. 13, ¶¶ 4, 6. The discovery period closed before Navient's motion was filed. *Id.* Valletta alleges that Navient failed to respond to his discovery requests, but he never contacted the Court concerning the alleged failure and he provides no evidence that he served discovery on Navient or that Navient failed to respond. Navient, on the other hand, attaches as exhibits to its motion the documents Valletta is arguing it did not produce. Given this state of the record, the Court concludes that Valletta had an adequate time for discovery and has failed to present evidence that creates a material dispute of fact as to whether Navient was the servicer on the loan prior to the alleged default. *Celotex Corp.*, 477 U.S. at 323.

"Navient is not a 'debt collector' under the FDCPA . . . because it became the loan servicer (first as Sallie Mae before it changed its name) while plaintiff's loan w[as] not in default." *Spyer*, 2016 WL 1046789, at *3; *see also Haysbert.*, 2016 WL 890297, at *11 (compiling a list of cases from "numerous courts [that] have found that student loan servicers that begin servicing prior to default are not debt collectors under the FDCPA."). As a result, Valletta does not have a valid claim against Navient under the FDCPA.

**IT IS ORDERED:**

1. Defendant's motion for partial summary judgment (Doc. 27) is **granted**.
2. Summary judgment is entered in favor of Navient on Plaintiff's FDCPA claims.
3. The Court will hold a telephonic conference to set a trial date and a final pretrial conference on **May 16, 2017 at 3:00 p.m.** Counsel for Plaintiff shall initiate a conference call to include counsel for all parties and the Court. If a dial-in number is used, the dial-in number shall be provided to the Court no later than 12:00 noon on May 15, 2017.

Dated this 24th day of April, 2017.

_____
David G. Campbell
United States District Judge